

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION

ADEAN HILL JR.,

                                  *Plaintiff*,

v.

MONEY MATCHMAKER CO., BURTON BROOKS, ALTERNATIVE SOLUTIONS MEDIA LLC d/b/a ALTERNATIVE SOLUTIONS FUNDING, and HOWARD NEEDLE,

                                  *Defendants*.

Case No.: 4:25-cv-00558-ALM-BD

## **DEFENDANT HOWARD NEEDLE' MOTION FOR SUMMARY JUDGEMENT**

TO THE HONORABLE COURT:

    COMES NOW Defendant Howard Needle, *pro se*, and respectfully MOTIONS FOR SUMMARY JUDGEMENT ON Plaintiff Adean Hill Jr.'s Complaint (Doc. 1) AND Ammended Complaint. The plaintiff is a serial filer and has now found a lawfirm willing to lie and misrepresent facts to the court and this is also a demand for sanctions. The facts are clear the plaintiff either lied to his Attorney or the Attorney is Participating in the fraud. The Plaintiff called the defendants on April 17, 2025 and asked for Financing options. This is the same scam he has done in multiple courts and then dismissed the case after extorting a cash payment. The call says the Following. *"This is Jack at the brokers friend we are a Texas Interstate trucking company. We are looking for financing for 2 Power Units. Today is April 17, 2025. Please give us a call to discuss our Options. Call 214 309-6388 or 903 287-4986"* Plaintiff asked for the call and the lied to the court about the call. In our Original 12 b (6) motion we told the Court this information so the new con artist Attorney from California, who is not licensed to Practice Law in Texas, came into Court and ignored the information and Factual evidence and did not dispute our claim that the Plaintiff called Defendants First, then filed an amended complaint lying to the Court like most Lawyers in

1

California.

## **FACTUAL BACKGROUND**

Defendant Howard Needle is an individual and the CEO of Alternative Solutions Funding, a commercial funding entity engaged in B2B communications. On April 17, 2025, Plaintiff initiated contact with Alternative Solutions Funding., leaving a voicemail using a phone number registered to The Brokers Friend LLC, a company with an active USDOT number (3886652) EXHIBIT I and operations in interstate commerce involving general freight, oilfield equipment, and construction. The Plaintiff's was called after this voicemail was deliverd to the Defendant. *"This is Jack at the brokers friend we are a Texas Interstate trucking company. We are looking for financing for 2 Power Units. Today is April 17, 2025. Please give us a call to discuss our Options. Call 214 309-6388 or 903 287-4986*

ATTACHED AS EXHIBIT I is The USDOT Registration Showing that Phone Number 903-287-4986 is a Trucking Company Called The Brokers Friend.

ATTACHED AS EXHIBIT II is The USDOT Registration Showing that Phone Number 214-309-4986 is a Trucking Company Called DAT WAY EXPRESS.

ATTACHED AS EXHIBIT III is ECO Home Registration Showing that Phone Number 214-309-4986 is a HVAC COMPANY IN Texas with the Address 810 Profit Dr, Garland, TX, 75040

ATTACHED AS EXHIBIT IV is the Better Business Bureaus Registration Showing that Phone Number 214-309-4986 is a HVAC COMPANY IN Texas with the Address 306 Prairie Dr. Red Oak, TX 75154

THE DEFENDANTS REQUEST THE COURT RECOGINIZE That each person who owns these Companies is ADEAN HILL.

Alternative Solutions Funding, automated dialer contacted Plaintiff's number, leaving a voicemail about commercial funding options. The Plaintiff voluntarily returned the call, confirmed $50,000 in monthly business revenue, and expressed interest in funding. All interactions were in a B2B context. Plaintiff now claims to be an individual, alleging TCPA and TTDPA violations.

### I. There is No Actionable Claim Under the TCPA

The TCPA prohibits autodialed or prerecorded calls without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). Consent is implied when the called party initiates contact and engages further. *In re Rules Regulations Implementing the TCPA*, 30 FCC Rcd. 7961, 7998 (2015). Plaintiff initiated contact on April 17, 2025, returned calls, provided business details, and expressed funding interest, constituting consent. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044–45 (9th Cir. 2017).

The National Do-Not-Call Registry applies to "residential subscribers," not business phones. 47 C.F.R. § 64.1200(c)(2); *see* also *Hunsinger v. Buyers*, No. 3:21-CV-1598-D, 2022 U.S. Dist. LEXIS 32319, at *8 (N.D. Tex. February 24, 2022) (holding that calls to a cell phone may be construed as being made to residential subscribers if the phone was "primarily used for personal, family, and household use," and was, thus, sufficient to constitute a residential telephone) (Fitzwater, J.)).

The distinction between residential telephone subscribers and other subscribers is central to the TCPA's regulatory framework. *Bonime v. Avaya, Inc.,* 547 F.3d 497, 499 (2d Cir. 2008). "Residential subscribers receive the lion's share of the protections afforded by the TCPA based on the higher expectation of privacy in the home as compared to the workplace." *Id.*; *see* also *United States v. Seinfeld*, 632 F. Supp. 622, 626 (E.D.N.Y. 1986) ("There is a lesser expectation

of privacy in a business as compared to a home.")

Here, Plaintiff's business number and B2B engagement negate any violation. Brooks' responsive role further precludes liability. Plaintiff fails to state a TCPA claim under Fed R. Civ. P. 12(b)(6).

## II. Plaintiff Lacks Standing Due to No Damages or Injury-in-Fact

The TCPA requires a concrete injury-in-fact for standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (holding that the Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision"). An injury, in fact, must also be particularized, that is, affecting the plaintiff "in a personal and individual way." *Id.* Procedural violations alone, such as receiving a call, are insufficient without tangible harm. *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019) (holding that receiving a single unsolicited text message, sent in violation of a federal statute, is not a concrete injury in fact that establishes standing to sue in federal Court). Plaintiff's claims of "nuisance" and "reduced device storage" are conclusory and inadequate.

By initiating and continuing the business relationship, Plaintiff negates harm. *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 805 (W.D. Pa. 2016) (no standing where Plaintiff invited calls). Plaintiff's failure to allege actual damages defeats standing under Rule 12(b)(1). *Spokeo*, 578 U.S. at 341.

## III. Plaintiff Qualifies as a Frivolous Litigant and Should Be Sanctioned

Plaintiff's history of filing multiple cases in this district demonstrates a pattern of frivolous litigation. He has filed at least four this year: *Hill v. Tobias & Associates* (filed on February 7, 2025, closed March 21, 2025), *Hill v. Amity One Tax LLC* (filed February 28, 2025),

*Hill v. Mayer Solar Inc.* (filed March 25, 2025), and *Hill v. TR Accountants* (filed April 1, 2-25, closed April 15, 2025), each involving similar TCPA and TTDPA claims. Courts may classify a litigant as frivolous when they repeatedly file baseless claims, burdening judicial resources *in re McDonald*, 489 U.S. 180, 184 (1989). The Plaintiff's pattern suggests an intent to harass or delay, warranting dismissal under Rule 12(b)(6) and potential sanctions.

## CONCLUSION

For the foregoing reasons, Defendant Howard Needle respectfully requests that the Court:

1. Grant Summary Judgement in Favor of all Defendants.
2. Grant such other relief as the Court deems just and proper.

Dated: July 7th_, 2025

Respectfully submitted,

_____
Howard Needle,
7440 Avenida Del Mar #2508
Boca Raton , Fl 33433
Howard@alternativesolutionsfunding.com

## CERTIFICATE OF SERVICE

I hereby certify on the _____ day of July, 2025, that true and correct copies of the foregoing Motion to Dismiss and Brief in Support of Motion to Dismiss were served by the Court Systems Docketing System

**Mark L Javitch**
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
650-781-8000
Email: mark@javitchlawoffice.com


_/s/ Howard Needle_

Howard Needle,
7440 Avenida Del Mar #2508
Boca Raton , Fl 33433

Howard@alternativesolutionsfunding.co

(561) 281-2020
THE UPS STORE #0354
STE 15
7050 W PALMETTO PARK RD
BOCA RATON  FL 33433-3433

SHP WT: 1 LBS
DATE: 07 JUL 2025

SHIP  EAST DISTRICT OF TEXAS
TO:   UNITED STATES COURTHOUSE
      STE 112
      101 E PECAN ST

      SHERMAN  TX 75090-5989



TX 750 2-01

UPS GROUND

TRACKING #: 1Z 504 0FX 03 1285 9426



BILLING: P/P

MM2M5Z1FHYTA1 ISH 13.00C ZZP230 EP 25.5V 06/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.
KR0425



**RECEIVED**

JUL 1 1 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN