Mark L. Javitch (CA 323729)*
Javitch Law Office
3 East Third Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
*Admitted Pro Hac Vice

*Attorney for Plaintiff*
And those similarly situated

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONEY MATCHMAKER CO., BURTON BROOKS, ALTERNATIVE SOLUTIONS MEDIA LLC d/b/a ALTERNATIVE SOLUTIONS FUNDING, and HOWARD NEEDLE,<br><br>Defendants. | § § § § § § § § § § § | Civil Action No.:  4:25-cv-00558-ALM-BD<br><br>**PLAINTIFF'S OPPOSITION TO BURTON BROOKS'S SECOND MOTION TO DISMISS** |

### I.     INTRODUCTION

Defendant Burton Brooks's Second Motion to Dismiss rests on factual assertions improper at the pleadings stage and misapplications of law. Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Tex. Bus. & Com. Code § 302.101, are properly pled. Brooks's arguments regarding standing, jurisdiction, and consent are meritless.

### II.     FACTUAL BACKGROUND

Plaintiff is a natural person and citizen of the Eastern District of Texas. Dkt. 10 ("First Amended Complaint" or "FAC") ¶ 11. Defendants are in the business of selling loans. Defendants Money Matchmaker Co. and Alternative Solutions Media are corporate loan providers. Defendants Burton

Brooks and Howard Needle personally direct whom to call, where to call, what products to offer, and what prerecorded messages to play. *Id*. at ¶¶ 12–15, 19–20.

As part of their telemarketing campaign, Defendants placed thousands of calls using an artificial or prerecorded voice message without obtaining prior express written consent from recipients. *Id*. at ¶¶ 2–3. Plaintiff was one such recipient.

On April 30, 2025, Plaintiff received two unauthorized calls from telephone number 239-837-8935. The second call contained a prerecorded voice stating:

> Hi, this is Tom with small business lending... You are pre-approved for up to \$150,000 business credit line that was for working capital or equipment funding. Just wanted to touch base with you and see if you had a need at this time for either. You can return my call at 877-395-7907... this offer is set to expire shortly.

¶¶ 21–23.

On May 6, 2025, Plaintiff called back the number provided in the prerecorded message (877-395-7907) to determine who had placed the unauthorized call, but no one answered, and Plaintiff left a message. *Id*. at ¶ 24.

On May 9, 2025, Plaintiff received a call from 419-559-3251, connected with "Brooks," who confirmed receiving Plaintiff's voicemail and began soliciting business funding. *Id*. at ¶ 25. Later that day, Plaintiff received an email from Brooks. On May 12, 2025, Brooks informed Plaintiff that Defendant Solutions would take over the solicitation because Brooks was too busy. *Id*. at ¶ 27. That same day at 2:36 p.m., Plaintiff received a call from 561-281-2020, connected to Defendant Needle, who identified himself by name, stated that he had obtained Plaintiff's information from Defendant Solutions, and began selling loans. *Id*. at ¶¶ 28–29. Plaintiff expressly told Needle that he did not want any further calls from him. *Id*. at ¶ 30.

On June 23, 2025, Plaintiff filed his First Amended Complaint. On August 4, 2025, Plaintiff sent the First Amended Complaint to Burton Brooks by First Class Mail. Dkt. 21. On August 27, 2025,

Plaintiff moved for the Clerk's default against Burton Brooks. Dkt. 28. On August 28, 2025, the Clerk entered default against Burton Brooks. Dkt. 29. Also on August 28, 2025, Burton Brooks moved to dismiss the First Amended Complaint. Dkt. 30. On September 2, 2025, Plaintiff moved to set aside the clerk's default against Burton Brooks. Dkt. 32.

## III.    LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 495 (5th Cir. 2020); *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Wilson*, 955 F.3d at 495; *IberiaBank Corp.*, 953 F.3d at 345; *Walker*, 938 F.3d at 735. The court, however, does not "strain to find inferences favorable to the plaintiff[]" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

## IV.    LEGAL ARGUMENT

### A.    The Court May Reasonably Exercise Personal Jurisdiction Over Mr. Brooks

First, Mr. Brooks contends this Court lacks personal jurisdiction over him. However, Mr. Brooks does not address the allegations in the First Amended Complaint, and whether purposeful availment is properly pled. The FAC adequately alleges Mr. Brooks was directly involved in placing at least two illegal calls to him in Texas. FAC ¶¶ 19-26. Illegal telemarketing directed into the state of Texas satisfies

purposeful availment. *Fed. Trade Comm'n v. Educare Ctr. Services, Inc*., 414 F. Supp. 3d 960, 964 (W.D. Tex. 2019) (Knowingly directing illegal telemarketing at the forum amounts to purposeful availment) (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("The defendant is purposefully availing himself of the privilege of causing a consequence in Texas.") (internal quotation omitted). The relevant contacts for jurisdiction are Defendants' telemarketing into Texas, not Plaintiff's subsequent communications. *Walden v. Fiore*, 571 U.S. 277 (2014), does not help Brooks. Unlike Walden (a Nevada plaintiff suing a Georgia officer), here Brooks himself targeted Texas phones and caused injury in Texas.

**B.    Plaintiff's TCPA and TTDPA Claims Cannot Be Dismissed Based on Defendant's Characterization that the Phone Numbers Are "B2B"**

Next, Brooks argues that the TCPA and the TTDPA do not apply because the calls were "B2B communications" to a business number, and Plaintiff was not acting as a "consumer" under Tex. Bus. & Com. Code § 302.003(2). Mr. Brooks is wrong as a matter of law.

First, 227(b) of the TCPA restricts phone calls that play a prerecorded voice message. "To state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of any automatic dialing system or an artificial or prerecorded voice and without prior express consent of the called party." *Cunningham v. TechStorm LLC*, No. 3:16-cv-2879-S-BH, 2018 U.S. Dist. LEXIS 105774, 2018 WL 3118400, at *4 (N.D. Tex. May 29, 2018) report and recommendation adopted, 3:16-CV-2879-S-BH, 2018 U.S. Dist. LEXIS 105838, 2018 WL 3117529 (N.D. Tex. June 25, 2018) (citing 47 U.S.C. § 227(b)(1)(A); *Cunningham v. Air Voice, Inc*., 2020 U.S. Dist. LEXIS 51585, 2020 WL 9936139 (E.D. Tex. Feb. 14, 2020); *Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 U.S. Dist. LEXIS 94895, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017)).

Brooks presents no authority for his argument that 227(b) does not apply to Plaintiff's cell phone number. There is no prerequisite that the phone number be a non-B2B phone number or communication. Plaintiff properly alleges a prerecorded voice phone call to his cell phone, which is sufficient to demonstrate a 227(b) violation. FAC ¶¶ 19-26.

Second, the TTDPA applies to those making telemarketing calls to Texas. Tex. Bus. & Com. Code §§ 302.001–302.101. Plaintiff alleges he is an individual who received unsolicited sales calls to his cell phone number. FAC ¶¶ 19-26. Plaintiff alleges Defendants solicited him without having a Texas telemarketing registration certificate. *Id*. at ¶¶ 50-54. Whether Defendants characterize the number as "business" is both irrelevant and also a factual dispute inappropriate at the 12(b)(6) stage.

Brooks' argument about the Do Not Call registry is irrelevant, as Plaintiff does not bring a DNC claim.

## C.    Defendant Cannot Obtain Consent After Illegal Calls

Brooks contends there was "consent" because Plaintiff placed a call to Defendants. However, well plead allegations cannot be overcome at the pleading stage. The lack of consent is pleaded in the FAC. Plaintiff alleges he never provided prior express consent. FAC ¶ 41. Consent is an affirmative defense, not a basis for dismissal. It is Defendants' burden "to prove its affirmative defense that it had consent to call Plaintiff's cell phone." *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 8:18-CV-919-SCB-TGW, at 10 (M.D. Fla. Aug. 7, 2019) (citing *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1304-05 (11th Cir. 2015).

Further, Brooks' theory is wrong as a matter of law. Brooks cannot obtain consent after the illegal call was made. Plaintiff's investigation of who placed an illegal robocall does not grant consent for a call that happened in the past. The TCPA requires *prior* express consent. *See Cunningham v. CBC Conglomerate LLC*, No. 4:17-cv-793, 2019 U.S. Dist. LEXIS 224240 , 2019 WL 7500497 (E.D.

Tex. Dec. 4, 2019). A consumer's inquiry about one matter does not authorize robocalls that took place prior to the inquiry.

### D.    Brooks' Standing Argument is Foreclosed

Brooks asserts Plaintiff lacks Article III standing because he suffered no concrete injury, citing *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). Brooks argues that Plaintiff could not have felt any injury from illegal robocalling.

However, the Fifth Circuit specifically rejected *Salcedo's* reasoning and held that unwanted telemarketing texts cause a concrete injury by invading privacy and wasting time. *See Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 691 (5th Cir. 2021).

Here, the FAC alleges Plaintiff received at least two unsolicited calls that played an artificial or prerecorded voice, causing an invasion of privacy. FAC ¶¶ 9, 21–23. This is the exact injury Congress intended to protect, which is sufficient to establish standing in the Fifth Circuit. 998 F.3d at 693 (reversing dismissal of Cranor's complaint).

### E.    Defendant's "Serial Filer" Argument Fails

Lastly, Brooks claims Plaintiff is a "serial filer" and should be sanctioned for filing "frivolous" cases. But Brooks does not point out any of Plaintiff's cases that are frivolous. Further, Brooks presents no authority that it is frivolous to enforce one's statutory rights under the TCPA. On the contrary, Congress intended the TCPA to be enforced by private plaintiffs, including repeated suits where violations persist.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Mr. Brook's motion to dismiss.

1    Dated: September 6, 2025            Respectfully submitted,

2

3                                By:  /s/ Mark L. Javitch
                                      Mark L. Javitch (CA 323729)
4                                     Javitch Law Office
                                      3 East Third Ave. Ste. 200
5                                     San Mateo CA 94401
                                      Tel: (650) 781-8000
6                                     Fax: (650) 648-0705

7                                     Attorney for Plaintiff
8                                     *and the Putative Class*

9                                     *Admitted Pro Hac Vice*

10                    **CERTIFICATE OF SERVICE**

11        I hereby certify that on September 6, 2025, the foregoing Opposition to Burton Brooks' Motion to

12    Dismiss was filed through the Court's electronic filing system and was sent by email and U.S.P.S. Priority

13    Mail to:

14
      Burton Brooks
15    24311 Amarillo Street
      Bonita Springs FL 34135
16

17    burt@mmcocapital.com

18

19                                          /s/ Mark L. Javitch

20                                          Mark L. Javitch

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO DISMISS        7            CASE NO. 4:25-cv-00558-ALM-BD