IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ADEAN HILL, JR. § | |
| § | |
| v. § | NO. 4:25-CV-00558-ALM-BD |
| § | |
| MONEY MATCHMAKER CO., *et al.* § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Adean Hill, Jr., sued Money Matchmaker Co., Alternative Solutions Media LLC, and their CEOs for violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and related provisions of the Texas Business and Commerce Code, Tex. Bus. & Com. Code §§ 305.053, 302.101. Dkt. 10. The operative complaint is styled as a class action. *Id.* Pro se defendant Howard Needle, CEO of Alternative Solutions Media, moved for summary judgment, Dkt. 11; *see* Dkt. 15 (response). He also moved to dismiss the case for lack of standing, lack of personal jurisdiction, and failure to state a claim on which relief can be granted, Dkt. 24; *see* Dkt. 26 (response). Pro se defendant Burton Brooks, CEO of Money Matchmaker, moved to dismiss on the same grounds, Dkt. 30; *see* Dkt. 35 (response). Neither Money Matchmaker nor Alternative Solutions Media has appeared. The court will recommend that the motion for summary judgment, Dkt. 11, and the motions to dismiss the amended complaint, Dkts. 24, 30, be dismissed as premature.

## BACKGROUND

Hill alleges that the defendants placed thousands of phone calls playing an artificial or prerecorded voice message as part of their businesses' marketing campaigns. Dkt. 10 at 2. He claims to be the recipient of some of the calls and alleges that the defendants violated his and others' privacy and statutory rights by making them. *Id.*

In his motion for summary judgment, Needle argues that no TCPA violation occurred because Hill, using a business telephone line, initiated contact with his company and voluntarily returned

the calls. Dkt. 11 at 2–3. He also accuses Hill of being a serial litigant. *Id.* In response, Hill argues that he has standing to sue and that genuine issues of material fact prevent the court from granting Needle's motion. *See* Dkt. 15.

In nearly identical motions to dismiss, Needle and Brooks argue that they did not violate the TCPA, that Hill lacks standing, that the court lacks personal jurisdiction over them, and that Hill should be deemed a serial filer. *See* Dkts. 24, 30. In response, Hill reasserts his position that he has standing to sue, asserts that the court has jurisdiction over both individual defendants, and argues that he has stated a claim for relief. Dkts. 26, 35.

## DISCUSSION

A court should address class certification at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). "The word 'practicable' imports some leeway in determining the timing of such a decision," *Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 837 (1st Cir. 2015), and "[i]t is well within a [court's] discretion to dispose of a motion to dismiss before acting on class certification," *Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 192 (D. Mass. 2021); *see Floyd v. Bowen*, 833 F.2d 529, 534–535 (5th Cir. 1987) (collecting cases noting that courts enjoy the same discretion with respect to motions for summary judgment).

Courts consider two factors when deciding whether to rule on a dispositive motion before addressing class certification, *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 659 F. Supp. 3d 730, 732 (S.D. Miss. 2023) (citing *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984)): whether an early merits ruling: (1) "seems likely to protect both the parties and the court from needless and costly further litigation," *Wright*, 742 F.2d at 544; or (2) "would prejudice any of the parties," *Lawson*, 554 F. Supp. 3d at 192–93. Here, both factors favor addressing class certification before deciding the motions.

First, it is unlikely that the defendants will prevail on their dispositive motions. For instance, although Needle argues that Hill consented to the challenged phone calls, the operative complaint alleges that he did not. *See* Dkts. 10 at 2, 6–7, 11 at 3. Factual allegations in a complaint are assumed

to be true and will survive a motion to dismiss if they "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Because the court would likely deny the motions, disposing of them now would not "protect . . . the parties and the court from needless and costly further litigation." *Wright*, 742 F.2d at 544.

As to the second factor, ruling on the dispositive motions would not prejudice any of the parties. *See Lawson*, 554 F. Supp. 3d at 192–93. By denying the motions, the case would just move forward to the question of class certification. That makes the dispositive motions premature. *See Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab'y Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *6 (E.D. La. Mar. 19. 2018) (denying a motion to dismiss as premature where the defendant had not filed an answer, discovery had not commenced, and a motion for class certification had not been filed); *Forte v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:05-CV-1417-N, 2007 WL 9712189, at *3 (N.D. Tex. Mar. 6, 2007) (denying a motion to dismiss as premature when the "parties [we]re still in the early stages of pleading and ha[d] yet to conduct meaningful discovery"); *West v. Circle K Stores, Inc.*, No. CIVS040438WBSGGH, 2006 WL 355214, at *3 (E.D. Cal. Feb. 14, 2006) (denying a motion for partial summary judgment as premature because the relevant state law defining the class was in flux).

## RECOMMENDATION

It is **RECOMMENDED** that Needle's motion for summary judgment, Dkt. 11, Needle's motion to dismiss, Dkt. 24, and Brooks's motion to dismiss, Dkt. 30, be **DISMISSED WITHOUT PREJUDICE** as premature. The defendants may re-urge their motions after class-certification discovery is complete.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id*. § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 23rd day of January, 2026.

_____
Bill Davis
United States Magistrate Judge

4